UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

RONALD YUHAS,

               Plaintiff,

       -against-

ASSOCIATED UNIVERSITIES, INC.,
ZEP, INC., and DOW CHEMICAL CO.,

               Defendants.
-------------------------------------------------------X

REPORT AND
RECOMMENDATION
19 CV 5475 (GRB)(RML)

LEVY, United States Magistrate Judge:

       By order dated March 11, 2026, the Honorable Gary R. Brown, United States

District Judge, referred plaintiff's motion to substitute a party to me.  For the reasons stated

below, I respectfully recommend that the motion be granted.[1]

       This case, originally filed in New York State court on August 20, 2019, was

removed to this court on September 26, 2019.  (See Notice of Removal, filed Sept. 26, 2019,

Dkt. No. 1.)  The complaint alleges that plaintiff Ronald M. Yuhas ("plaintiff") suffered personal

---

[1] A motion to substitute a party is non-dipositive and thus may be ruled on by a Magistrate Judge.  Kumaran v. Vision Fin. Mkts., LLC, No. 20 CV 3871, 2022 WL 3996964, at *1 (S.D.N.Y. Aug. 31, 2022) (first citing Grant v. Witherspoon, No. 19 CV 2460, 2020 WL 71052, at *1 n.1 (S.D.N.Y. Jan. 3, 2020); and then citing Essani v. Earley, No. 13 CV 3424, 2017 WL 3432192, at *1 n.1 (E.D.N.Y. Aug. 9, 2017)).  In this case, however, defendants have filed a pre-motion letter seeking to dismiss this case because plaintiff failed to substitute a proper party within ninety days after the filing of the Suggestion of Death, as required under Rule 25(a)(1) of the Federal Rules of Civil Procedure.  (Letter of Andrew P. Devine, Esq., dated Feb. 20, 2026, Dkt. No. 104.)  Judge Brown has scheduled a pre-motion conference on defendants' motion to dismiss for April 21, 2026.  Since defendants make the same arguments here, in an excess of caution I am issuing a report and recommendation rather than a memorandum and order.

injuries due to exposure to trichloroethylene ("TCE") cleaning solvents that were supplied by defendants Zep, Inc. and Dow Chemical Co., purchased and used by defendant Associated Universities Inc., and used by non-party Brookhaven Science Associates, LLC at the Brookhaven National Laboratory ("BNL"), where plaintiff was assigned to work from 1964 to 2007. (Verified Amended Complaint, dated Sept. 10, 2019, Dkt. No. 1-2, ¶¶ 41-44, 121.)  According to the complaint—which asserts claims for negligence, gross negligence, strict liability, and fraudulent concealment—plaintiff used TCE cleaning solvents, including Power-Solv II, Aero-Solv II, and Triclene, in carrying out his work.  (Id. ¶¶ 160-61, 163-164.)  Plaintiff alleged that his exposure to TCE at BNL caused him to develop renal cystic disease, and consequent injuries. (Id. ¶¶ 194-196.)

Plaintiff passed away on August 16, 2025, and plaintiff's counsel filed a Suggestion of Death on August 19, 2025.  (See Suggestion of Death Upon the Record, dated Aug. 19, 2025, Dkt. No. 101.)  By letter dated March 10, 2026, plaintiff's son Ronald J. Yuhas ("movant"), who was appointed executor of his father's estate on March 9, 2026, moved for leave to be substituted as plaintiff in this case.  (Letter of Neal Bhushan, Esq., dated Mar. 10, 2026, Dkt. No. 108, Ex. A.)  Defendants argue that the substitution motion must be denied as untimely because it was not made within ninety days after the Suggestion of Death was filed, as required under Federal Rule of Civil Procedure 25(a)(1), and excusable neglect has not been demonstrated for the failure to do so.  (Letter of Andrew P. Devine, Esq., dated Mar. 17, 2026, Dkt. No. 109.)

Federal Rule 25(a)(1) permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after

2

service of a statement noting the death." FED. R. CIV. P. 25(a)(1).  "A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'"  Perlow v. Comm'r of Soc. Sec., No. 10 CV 1661, 2010 WL 4699871, at *2 (E.D.N.Y. Nov. 10, 2010) (quoting Garcia v. City of New York, No. 08 CV 2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)).  There is no dispute that plaintiff's claims survive his death, that Ronald J. Yuhas is a proper party, or that the motion to substitute was made more than ninety days after the Suggestion of Death was filed.

Under Federal Rule 6(b), courts have discretion to extend the ninety-day period for good cause.  See Wicker v. Weglarz, No. 19 CV 6724, 2022 WL 22913965, at *1 (E.D.N.Y. Jan. 27, 2022) (quoting Kernisant v. City of New York, 225 F.R.D. 422, 427 (E.D.N.Y. 2005)); Steward v. City of New York, No. 04 CV 1508, 2007 WL 2693667, at *4-5 (E.D.N.Y. Sept. 10, 2007); see also Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017) ("[T]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90-day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." (quoting Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993))); Zeidman v. Gen. Accident Ins. Co., 122 F.R.D. 160, 161 (S.D.N.Y. 1988) ("Rule 6(b)(2) works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution.").

Here, plaintiff's counsel explains that on August 28, 2025, less than two weeks after plaintiff died, movant contacted the probate law firm of Burner Prudenti Law P.C. ("Burner Prudenti") and received a list of necessary documents, which he provided at a meeting with the estate attorney on September 2, 2025.  (Letter of Neal Bhushan, Esq. and Joseph Lanni, Esq., dated Mar. 18, 2026, Dkt. No. 110, at 2.)  Because the estate is complex and includes a living

3

trust with three trustees, three beneficiaries, and seven legatees, Burner Prudenti was delayed in filing the probate petition and did not do so until February 26, 2026. (Id. at 2-3.) Movant was appointed executor of the estate on March 9, 2026 (id., Ex. B), and the next day counsel filed the instant motion to substitute. In the time between plaintiff's death and the appointment of his executor, fact discovery proceeded. (Id. at 3.)

Similar circumstances have been held sufficient to establish good cause to extend time pursuant to Rule 6(b). See Wicker, 2022 WL 22913965, at *1 (delay in the issuance of ancillary letters by the Surrogate's Court, caused by the COVID-19 pandemic and the court's request for supplemental documentation from the estate's representatives, constituted good cause for granting an extension of the ninety-day deadline); Bassy v. Faith Sec. Servs., Inc., No. 12 CV 2712, 2014 WL 2212016, at *2 (E.D.N.Y. Jan. 17, 2014) (granting extension of the ninety-day deadline where the decedent-plaintiff's survivors were pursuing appointment of a representative in Surrogate's Court, there was no reason to believe they had not been diligent, and defendants failed to identify any prejudice they would suffer if additional time for substitution was allowed); Kernisant, 225 F.R.D. at 432 (holding that plaintiff's counsel satisfied the Rule 6(b)(1) standard for an extension of time to file motion to substitute where there was no evidence of bad faith in seeking the extension and "[d]efendants suffered little or no prejudice as a result of the unavoidable delay in obtaining the appointment of an administrator.")

I find no evidence of bad faith on movant's part. There is nothing to indicate that movant acted less than diligently to pursue appointment as executor, or that defendants are prejudiced by the delay in seeking substitution. I therefore respectfully recommend that the motion to substitute be granted.

4

Any objections to this Report and Recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      April 8, 2026